UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| WILLIAM PAGER and JENNA PAGER, | CIVIL ACTION NO. 3:17-cv-00934 |
|---|---|
| Plaintiffs, | |
| v. | (SAPORITO, M.J.) |
| METROPOLITAN EDISON, a/k/a MET-ED FIRSTENERGY CORP., et al., | |
| Defendants. | |

## MEMORANDUM

Before the court is the motion to dismiss (Doc. 39) filed by the defendant FirstEnergy Corp. ("FirstEnergy") which seeks dismissal of the complaint on the basis of a lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, we will grant the motion in part, and deny the motion in part.

I.  *Factual Background*

The plaintiffs filed their complaint in the United States District Court for the Eastern District of New York. The action was transferred by consent of the parties to this district court. (Doc. 33). In their

complaint, the plaintiffs allege that they are residents of the state of New York but own property located at 131 Lakeview Drive, Dingmans Ferry, Pennsylvania, which is the subject of this lawsuit. The Pagers have alleged that defendant Metropolitan Edison ("Met-Ed") and FirstEnergy, both of which are Ohio corporations, agreed to supply electricity to the premises. The Pagers alleged that Met-Ed and FirstEnergy terminated electrical services to the premises on or about November 15, 2014, without authorization by the plaintiffs. As a result of the discontinuance of the electrical service to the premises, the pipes froze causing damage to the plumbing and other parts of the premises making the property uninhabitable.

The plaintiffs alleged that FirstEnergy was operating under the name of Met-Ed and was a subsidiary thereof. The plaintiffs further alleged that FirstEnergy, through its subsidiary, Met-Ed, terminated the electrical services to the premises without authorization causing damage to the premises. Further, the plaintiffs alleged that FirstEnergy conducts business in New York and Pennsylvania.

FirstEnergy filed a motion to dismiss on the grounds that the court lacks personal jurisdiction over it, and that the plaintiff failed to

state a claim upon which relief can be granted. The motion has been briefed and is ripe for a decision.

## II. *Legal Standards*

### (a) *Rule 12(b)(2)*

Under Fed. R. Civ. P. 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction. "Once a defendant challenges a court's exercise of personal jurisdiction over it, the plaintiff bears the burden of establishing personal jurisdiction." *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). If the court does not hold an evidentiary hearing on the issue, a plaintiff "need only establish a prima facie case of personal jurisdiction." *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) (quoting *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)). In considering a Rule 12(b)(2) motion, the court is "required to accept the plaintiff's allegations as true, and is to construe disputed facts in favor of the plaintiff." *Id.* (quoting *Toys 'R' Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 457 (3d Cir. 2003)). If, as litigation progresses, the alleged facts supporting jurisdiction are disputed, the court may revisit the issue. *Id.* at 331.

*(b) Rule 12 (b)(6)*

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991); *Johnsrud v. Carter*, 620 F.2d 29, 32-33 (3d Cir. 1980); *Holocheck v. Luzerne Cty. Head Start, Inc.*, 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005). In deciding the motion, the court may

consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

*III. Discussion*

In the complaint, the plaintiffs have alleged that FirstEnergy is an Ohio corporation which has conducted business in New York and Pennsylvania through its subsidiary, Met-Ed. In its motion papers, FirstEnergy has conceded that it is an Ohio corporation which is authorized to do business in Pennsylvania. (Doc. 14-3 ¶6; Doc. 40, at 12). FirstEnergy has further conceded that it operates as a holding company and owns the stock of Met-Ed. (*Id.*).

A federal court may exercise personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state. Fed. R. Civ. P. 4(e); *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 436 (3d Cir. 1987). In Pennsylvania, the applicable statute provides that "the jurisdiction of the tribunals of this Commonwealth shall extend to all persons who are [nonresidents] to the fullest extent allowed under the Constitution of

the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). Here, it is undisputed that FirstEnergy, as a foreign corporation, is authorized to conduct business in Pennsylvania. By virtue of this concession, FirstEnergy further acknowledges that it applied to do business in Pennsylvania and received authorization to do so. In *Bain v. Netlink, Inc.*, 925 F.2d 637, 640 (3d Cir. 1991), the Third Circuit held that Pennsylvania law explicitly states that the qualification of a foreign corporation to do business is sufficient contact to serve as the basis for the assertion of personal jurisdiction. 42 Pa. Cons. Stat. Ann. § 5301(a)(2). *Bain* held that by registering to do business in Pennsylvania, a corporation purposely avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Bain* 925 F.2d at 640 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)); (*see also Displayworks, LLC v. Bartley,* 182 F. Supp. 3d 166, 174 D.N.J. 2016). Thus, FirstEnergy's motion to dismiss on the basis of lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) must be denied. However, as the litigation progresses and if the facts supporting jurisdiction are disputed, we may revisit the issue.

Next, FirstEnergy has moved to dismiss the complaint on the basis that it fails to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). Count III of the plaintiffs' complaint against FirstEnergy sounds in contract. To prove a breach of contract claim under Pennsylvania law, a plaintiff must demonstrate (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. *Ware v. Rodale Press, Inc.*, 322 F. 3d 218, 225 (3d Cir. 2003).

FirstEnergy maintains that the complaint fails to state a claim upon which relief can be granted as against it because FirstEnergy does not directly own, maintain or have any ability to control or provide the electrical services to the premises at any point, including the time frame relevant to this matter. (Doc. 40, at 11). Additionally, FirstEnergy claims that: it does not conduct business as Met-Ed; is not authorized to and does not conduct any business in New York; although authorized to do business in Pennsylvania, it does not conduct any actual business here; and it does not construct, own, inspect, or maintain any electrical transmission or distribution facilities or equipment or employees who perform such action necessary to provide

electrical services to customers in Pennsylvania or any other state. (*Id.* at 12). Finally, FirstEnergy maintains that the plaintiffs' claims for attorney's fees must be dismissed as such relief is not recoverable based on the causes of action asserted by the plaintiffs in this matter.

The plaintiffs allege in their complaint that FirstEnergy was operating under the name Met-Ed and doing business through its subsidiary. In addition, the plaintiffs have alleged that they had an agreement and an account with FirstEnergy through its subsidiary Met-Ed for the premises to be furnished with electricity. It was further alleged that the plaintiffs did all that was required of them under the agreement and made payments to FirstEnergy and/or its subsidiary. The plaintiffs allege that on November 15, 2014, FirstEnergy breached its duty to provide electrical services to the premises by terminating electric service to the premises without any directive from either plaintiff. Finally, the plaintiffs allege that as a result of the discontinuance of the electric service to the premises, the heating system ceased to function causing the plumbing to fracture. Considering the facts alleged on the face of the complaint, accepting them as true, and viewing them in the light most favorable to the

plaintiff, as we must, the plaintiffs have alleged a plausible breach of contract claim against FirstEnergy. Therefore, we must deny the motion to dismiss on that basis.

FirstEnergy has also moved to dismiss the plaintiffs' request for an award of attorney's fees. But the traditional "American Rule" is that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010); *see also Sloan & Co. v. Liberty Mut. Ins. Co.*, 653 F.3d 175, 186 (3d Cir. 2011) ("[T]he settled law of Pennsylvania is that attorneys' fees are recoverable from an adverse party to a cause only when provided for by statute, or when clearly agreed to by the parties.") (internal quotation marks and brackets omitted). The plaintiffs have failed to allege any applicable statute or contractual provision under which they may recover an award of attorney fees.

Moreover, we note that the plaintiffs are *pro se* in this matter, representing themselves without an attorney admitted to practice before this Court. Generally, *pro se* litigants are not entitled to recover

attorney fees, even if the *pro se* litigant is an attorney himself.[1] *See Kay v. Ehrler*, 499 U.S. 432, 435–37 (1991) (federal civil rights action); *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 225–30 (3d Cir. 2004) (shareholder derivative suit); *Cunningham v. Fed. Bureau of Investigation*, 664 F.2d 383, 388 (3d Cir. 1981) (Freedom of Information Act); *Sorto v. Dep't of Homeland Sec.*, Civil No. 1:13-CV-0108, 2013 WL 4543240, at *2 (M.D. Pa. Aug. 27, 2013) (Equal Access to Justice Act).

Accordingly, the plaintiffs' request for an award of reasonable attorney fees will be dismissed with respect to <u>all</u> defendants. *See Silverstein v. Percudani*, 422 F. Supp. 2d 468, 473 (M.D. Pa. 2006) (collecting cases recognizing a federal court's power to *sua sponte* dismiss claims against non-moving defendants where those claims suffer from the same defects raised in the moving defendants' motion to dismiss).

---

[1] We note that plaintiff William Pager is a lawyer, licensed to practice in New York. He is not, however, admitted to practice in Pennsylvania or before this Court. While legally trained, he is not authorized to appear as counsel of record in this Court, and thus he and his wife, plaintiff Jenna Pager, are both considered to be appearing *pro se* in this action. *See Randle v. Crockett Constr., Inc.*, Case No. 17 C 148, 2017 WL 1250869, at *1 (N.D. Ill. Apr. 5, 2017) (out-of-state lawyer-plaintiff treated as *pro se* litigant); *Days Inn Worldwide, Inc. v. Shaikh*, 249 F.R.D. 472, 475 (D.N.J. 2008) (parties represented only by out-of-state counsel treated as *pro se* litigants).

An appropriate Order will follow.

*Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: January 19, 2018

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM PAGER and JENNA PAGER,<br><br>Plaintiffs,<br><br>v.<br><br>METROPOLITAN EDISON, a/k/a MET-ED FIRSTENERGY CORP., et al.,<br><br>Defendants. | CIVIL ACTION NO. 3:17-cv-00934<br><br>(SAPORITO, M.J.) |

## ORDER

AND NOW, this 19th day of January, 2018, upon consideration of the motion to dismiss (Doc. 39) filed by the defendant FirstEnergy Corp. ("FirstEnergy") and in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED as follows:

1. The motion to dismiss (Doc. 39) is DENIED in part and GRANTED in part;

2. The motion to dismiss is DENIED as to FirstEnergy's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2);

3. The motion to dismiss is GRANTED as to the plaintiffs' request for the award of attorney's fees for failure to state a claim under

Fed. R. Civ. P. 12(b)(6), and the plaintiffs' claim for attorney's fees is DISMISSED as against all defendants.

4. The motion to dismiss is DENIED in all other respects.

5. FirstEnergy shall file an answer to the complaint within twenty-one (21) days from the date of this Order.

*/s/ Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: January 19, 2018